UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SERGE DUBOIS,

                              Plaintiff,

        v.

BEDFORD-FLATBUSH CHIROPRATIC C/O CHIROPRACTIC APPROACH, PC, DR. JEFFREY S. ROSNER, D.D.C., DR. ALAN S. ROSEN, OFFICE OF WORKERS' COMPENSATION PROGRAMS, ELVIS KIYOMI, and D. SANCHEZ,

                              Defendants.

**MEMORANDUM AND ORDER**

22-cv-4312 (LDH) (LB)

---

LASHANN DEARCY HALL, United States District Judge:

    Serge DuBois ("Plaintiff") brings this action against Bedford-Flatbush Chiropractic c/o Chiropractic Approach, PC, Dr. Jeffrey S. Rosner, D.D.C., Dr. Alan S. Rosen, Office of Workers' Compensation Programs, Elvis Kiyomi, and D. Sanchez ("Defendants"), alleging fraud, racial discrimination, deprivation of constitutional rights, and sexual harassment. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety.

## BACKGROUND[1]

    This action stems from Plaintiff's alleged discrimination and harassment while receiving care for a workplace injury. Plaintiff sustained a workplace injury on November 13, 2017. (Aff. Supp. Pl's. Compl. ("Pl's. Aff.") ¶ 4, ECF No. 1.) On November 28, 2017, he filed a claim for workers' compensation under the Federal Employees' Compensation Act ("FECA"). (*Id.*)

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of deciding the instant motion.

Between January and April 2018, Plaintiff sought treatment for his injury from Defendants. (*Id.*) In so receiving, Plaintiff alleges that Dr. Rosner "inappropriately touched him and failed to provide the Plaintiff's relevant medical records to the FECA Compensation Board." (*Id.* ¶ 6.) Plaintiff further alleges that Dr. Rosner intentionally used a "Ten Unit Machine" to transfer "an excessive amount of electricity to the Plaintiff's body." (*Id.*) Finally, Plaintiff alleges that Defendants "colluded" with his employer to have him terminated and discriminated against him "because he is Black and Haitian." (*Id.*)

As the complaint acknowledges, Plaintiff brought "the same lawsuit" against the same Defendants in August 2018. (Pl's. Aff. ¶ 7); *see DuBois v. Rosner et al*, No. 18-cv-4416 (E.D.N.Y.) ("Prior Action"). On August 29, 2019, the Court dismissed Plaintiff's 42 U.S.C § 1985(3) conspiracy claim in the Prior Action after finding that Plaintiff failed to properly plead the existence of a conspiracy. (Prior Action, ECF No. 21.) Plaintiff then amended his complaint. (Prior Action, ECF No. 22.) On September 11, 2020, the Court dismissed Plaintiff's amended complaint in its entirety. (Prior Action, ECF No. 46.) Specifically, the Court dismissed Plaintiff's 42 U.S.C. § 1981 claim for failure to sufficiently allege Defendants' intent to discriminate on the basis of his race, (*id.* at 4-6), and Plaintiff's 42 U.S.C. § 1983 claim because he failed to sufficiently allege that Defendants' conduct was done under color of state law. (*Id.* at 6-7.) The Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismissed the amended complaint in its entirety. (*Id.* at 8.)

## DISCUSSION

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted). Here, Defendants argue that Plaintiff's claims should be dismissed as barred by the doctrine of res judicata. (Defs.' Mem. L. at 4, ECF No. 15-8.) The Court agrees.[2]

"The doctrine of claim preclusion, or res judicata, bars the subsequent litigation of any claims that were or could have been raised in a prior action." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128 n.1 (2d Cir. 2015) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To demonstrate that a claim is barred under the doctrine of res judicata, a defendant must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000)). Notably, although pro se submissions are held to less stringent standards than formal pleadings drafted by lawyers, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Fogel v. Sec'y of Air Force*,

---

[2] Although Plaintiff submitted an affidavit in opposition to Defendants' motion to dismiss, the only colorable response to Defendants' res judicata argument is that the Prior Action was dismissed without prejudice, which the Court addresses herein. (Pl.'s Resp. Opp. Defs.' Mot. Dis. ¶ 8, ECF No. 15-10.)

351 F. Supp. 2d 47, 49 (E.D.N.Y. 2005), *aff'd*, 177 F. App'x 200 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Hence, the doctrine of res judicata is equally applicable to pro se plaintiffs. *See id.* (dismissing pro se complaint as barred by res judicata).

*First*, the Court's two decisions dismissing Plaintiff's claims in the Prior Action were on the merits. Federal Rule of Civil Procedure 41(b) provides that dismissal upon motion by a defendant—unless otherwise specified by the Court—constitutes an adjudication on the merits. Fed. R. Civ. P. 41(b). Both orders were issued in response to motions by the Defendants in the Prior Action, and the Court never "otherwise specified" that Plaintiff's claims were *not* dismissed on the merits. (Prior Action, ECF Nos. 21, 46.) As such, Plaintiff's claims in the Prior Action were dismissed on the merits. *See Sadler v. Brown*, 793 F. Supp. 87, 90 (S.D.N.Y. 1992) ("Since plaintiff's action before Judge Kram was dismissed upon motion of the defendants pursuant to Fed. R. Civ. P. 12(b)(6) with no specification that that dismissal was not on the merits, it is clear that plaintiff's previous action was dismissed on the merits, and that this action is barred by res judicata.").

*Second*, the two actions involved the exact same parties. Plaintiff is the lone claimant in both this and the Prior Action, and the two cases share the same Defendants. *See Bussa v. A Very Special Place, Inc.*, No. 14-cv-6479 (CBA) (LB), 2014 WL 7271597, at *2 (E.D.N.Y. 2014) (dismissing action for res judicata where "both this action and [plaintiff's] prior action involve the exact same parties"); *Burton v. Silvercrest Ctr. for Nursing & Rehab.*, No. 11-cv-2757 (SLT) (LB), 2013 WL 1346308, at *5 (E.D.N.Y. 2013) (same).

*Third*, both actions involve the same claims. Plaintiff brought the same four causes of action in this action that he also raised—and the Court dismissed—in the Prior Action. Moreover, both actions arise from the exact same set of facts. *See Asencio v. Jet Blue Airways*,

4

No. 12-CV-4209 JG, 2012 WL 5430501, at *2 (E.D.N.Y. 2012) (claims barred by res judicata where plaintiff "filed yet another complaint in this Court asserting the exact same claims arising out of the exact same facts").  Thus, Plaintiff's claims are barred under the doctrine of res judicata.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED. Plaintiffs' claims are dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      January 31, 2024  LASHANN DEARCY HALL
                                            United States District Judge

---

[3] Because the Court grants Defendants' motion to dismiss on res judicata grounds, the Court does not reach Defendants' remaining arguments for dismissal.

5